U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2013 JUL 22 PM 12: 58

CLERK
BY ___PC___
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| GMAC MORTGAGE, LLC, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Case No. 5:13-cv-82 |
| ) | |
| DAVID ORCUTT, HOLLIE STEVENS, and ) | |
| JAN M. SENSENICH, ) | |
| ) | |
| Appellees. ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEBTORS' MOTION TO DISMISS**
(Doc. 3)

This matter comes before the court on the motion to dismiss filed by Appellees David Orcutt and Hollie Stevens ("Debtors"). (Doc. 3.) In the present appeal, Appellant GMAC Mortgage, LLC's ("GMAC") challenges the bankruptcy court's Order overruling GMAC's objection to confirmation of Debtors' Chapter 13 plan ("the Plan") and overruling GMAC's objection to Debtors' homestead exemption claim. Debtors contend that this court lacks jurisdiction because the bankruptcy court's Order was not a final order. GMAC opposes the motion. Appellee Jan M. Sensenich, Chapter 13 trustee, supports Debtors' motion with regard to that portion of the Order overruling GMAC's objection to confirmation of the Plan, but asserts that portion of the Order overruling GMAC's objection to the homestead exemption claim was a final order.

Debtors are represented by Michelle M. Kainen, Esq. GMAC is represented by James B. Anderson, Esq.

I. **Factual and Procedural Background.**

  A. **Factual Background.**

On June 9, 2011, Debtors filed a voluntary Chapter 13 petition and the proposed Plan. Debtors also initiated an adversary proceeding, seeking a declaratory judgment that

a 2007 mortgage held by GMAC against Debtor's home was invalid. The Plan did not provide for payment of GMAC's mortgage, relying on Debtor's adversary proceeding and contending that the mortgage was invalid. The Plan also claimed that Debtors' home was subject to the homestead exemption.

On July 15, 2011, GMAC filed: (1) an objection to confirmation of the Plan, alleging that it made no provision for paying GMAC's mortgage in violation of Vermont law, and did not comply with 11 U.S.C. § 1325(a)(3); and (2) an objection to Debtors' claim of homestead exemption under 11 U.S.C. § 522(b)(1) and 27 V.S.A. § 101, arguing that Debtors' home was subject to GMAC's mortgage. Thereafter, the parties filed cross motions for summary judgment with regard to the adversary proceeding.

On February 24, 2012, the bankruptcy court granted Debtors' motion for summary judgment and denied GMAC's motion for summary judgment in the adversary proceeding, ruling that GMAC's 2007 mortgage was invalid (the "February 24, 2012 Adversary Proceeding Decision"). GMAC appealed the February 24, 2012 Adversary Proceeding Decision. On June 11, 2012, the bankruptcy court entered an Order confirming the Plan, treating GMAC as an unsecured creditor dependent upon the outcome of the adversary proceeding (the "June 11, 2012 Plan Confirmation Order"). However, the June 11, 2012 Plan Confirmation Order contained a "Special Provision":

> Confirmation of the Plan is subject to the outcome of the appeal of the Court's decision in adversary proceeding 11-01013 (David Roy Orcutt et al v. GMAC Mortgage, LLC). In the event that the final decision of that appeal is inconsistent with the terms of the confirmed plan, the debtor shall modify the Plan to make it consistent with the outcome of the above referenced appeal.

(Doc. 1-5 at 81.)

On December 13, 2012, this court issued an Opinion and Order that vacated the bankruptcy court's February 24, 2012 Adversary Proceeding Decision and remanded that proceeding to the bankruptcy court to address the bankruptcy court's subject matter jurisdiction in light of *Stern v. Marshall*, 131 S. Ct. 2594 (2011). *GMAC Mortg., LLC v.*

2

*Orcutt*, 2012 WL 6552914 (D. Vt. Dec. 13, 2012). On April 2, 2013, the bankruptcy court concluded it had subject matter jurisdiction as follows:

> In order to clarify this Court's previous ruling and more clearly tether the determination of the validity of the Defendant's mortgage to provisions of the Bankruptcy Code, the Court points to the necessary connection between the declaration that the Defendant's mortgage is inoperative under state law and the determination of the bankruptcy issues pending in the Plaintiffs' Chapter 13 case. Under *Stern* and its progeny—and consistent with the District Court's remand order—the relationship between this Court's determination of the mortgage validity and the pending rulings on the Defendant's objection to confirmation under § 1325, allowance of the Defendant's claim under § 506(a), and the propriety of the Plaintiff[s'] homestead exemption under § 522(b)(1) and 27 V.S.A. § 101 confer constitutional and statutory authority upon this Court to enter a final judgment in this adversary proceeding.

*In re Orcutt*, 2013 WL 1342741, at *7 (Bankr. D. Vt. Apr. 2, 2013). The bankruptcy court further found that:

> In compliance with the District Court's direction to address the competing equitable arguments, and as described above, the Court finds the Defendant's equity based arguments insufficient to justify a decision that the Defendant's mortgage is valid under the facts of this case and contrary to the clear criteria for validity set forth in the controlling statute.

*Id.* Based on these findings, the bankruptcy court again granted Debtors' motion for summary judgment and denied GMAC's motion for summary judgment in the adversary proceeding, holding that GMAC's mortgage was invalid (the "April 2, 2013 Adversary Proceeding Decision"). In addition, the bankruptcy court held that "in light of the essential nexus between the state law and bankruptcy law issues, the Court will issue an order ruling upon the open bankruptcy issues based upon—and part and parcel of—the determination of the mortgage's validity." *Id.* Subsequently, on April 2, 2013, the bankruptcy court resolved the pending issues regarding confirmation of the Plan and Debtors' homestead exemption claim as follows:

> For the reasons set forth in the memorandum of decision and order of even date granting the Plaintiffs' motion for summary judgment and denying the Defendant's cross-motion for summary judgment on remand, and the finding that the Defendant's mortgage is inoperable,

3

> IT IS HEREBY ORDERED that the Plaintiffs' treatment of the Defendant's mortgage as an unsecured claim in their Plan is proper under 11 U.S.C. § 506(a), and the Defendant's objection to confirmation of the Plaintiff's plan under 11 U.S.C. § 1325(a)(3) is OVERRULED.
>
> IT IS FURTHER ORDERED that the Defendant's objection to the Plaintiffs' claim of homestead exemption under 11 U.S.C. § 522(b)(1) and 27 V.S.A. § 101 is OVERRULED.

(Doc. 1-5 at 89) (the "April 2, 2013 Plan and Homestead Exemption Order").

GMAC timely appealed the bankruptcy court's April 2, 2013 Adversary Proceeding Decision, which is pending before the court in Case No. 5:13-cv-83. GMAC also timely appealed the bankruptcy court's April 2, 2013 Plan and Homestead Exemption Order, which is the subject of the instant appeal. Debtors subsequently filed a motion to dismiss, arguing that this court lacks jurisdiction over the appeal of the April 2, 2013 Plan and Homestead Exemption Order because it is not final. GMAC opposes the motion, arguing that the April 2, 2013 Plan and Homestead Exemption Order finally resolved in the bankruptcy court the issues regarding confirmation of the Plan and Debtors' homestead exemption.

## II. Conclusions of Law and Analysis.

Appeals from a bankruptcy court to the district court are governed by 28 U.S.C. § 158(a), which vests jurisdiction in the district court to hear appeals from "final judgments, orders, and decrees" of the bankruptcy court. *Id.* § 158(a)(1). The Second Circuit has held that "we regard as final 'orders that finally dispose of discrete disputes within the larger case.'" *In re Quigley Co., Inc.*, 676 F.3d 45, 51 (2d Cir. 2012) (quoting *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1283 (2d Cir.1990)) (noting that, for example, "[b]ankruptcy court orders lifting an automatic stay are final for purposes of appealability"). The Supreme Court and the Second Circuit have held that orders confirming a proposed Chapter 13 plan are final orders vesting appellate jurisdiction in the district court. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269 (2010); *Community Bank, N.A. v. Riffle*, 617 F.3d 171, 173-74 (2d Cir. 2010). Orders overruling an objection to a homestead exemption are also final orders. *See John T. Mather*

*Memorial Hosp. of Port Jefferson, Inc. v. Pearl*, 723 F.2d 193, 194 & n.1 (2d Cir. 1983) (deciding whether a bankruptcy court decision to aggregate a New York State homestead exemption was proper, and holding that "a decision granting or denying an exemption is final for [the] purpose" of appeal); *see also Matter of Yonikus*, 996 F.2d 866, 868 (7th Cir. 1993); *In re White*, 727 F.2d 884, 886 (9th Cir. 1984). The bankruptcy court's April 2, 2013 Plan and Homestead Exemption Order overruled GMAC's opposition to Debtors' homestead exemption, thus granting the exemption. It was therefore a final order with regard to the homestead exemption and this court has jurisdiction with regard to that portion of GMAC's appeal. Debtors' motion to dismiss on this basis is DENIED.

With regard to the portion of the bankruptcy court's April 2, 2013 Plan and Homestead Exemption Order overruling GMAC's objection to confirmation of the Plan, Debtors argue that the Plan confirmation is conditioned upon the final outcome of the adversary proceeding in Case No. 5:13-cv-83. Debtors point to the "Special Provisions" section of the bankruptcy court's June 11, 2012 Plan Confirmation Order wherein the bankruptcy court stated that confirmation was "subject to the outcome of the appeal of the Court's decision in [the] adversary proceeding" and that in the event of a reversal on appeal, "the debtor shall modify the Plan to make it consistent with the outcome of the above referenced appeal." (Doc. 1-5 at 81.) Thus, Debtors contend that confirmation of the Plan will not be final until Case No. 5:13-cv-83 has been resolved. Trustee agrees, arguing that:

> [T]he order confirming the Chapter 13 Plan did so with an express reservation with respect to GMAC's appeal [in the adversary proceeding]. . . . Accordingly, until that appeal, and any other appeals GMAC may take in connection with that adversary proceeding have run their course, the [June 11, 2012 Plan Confirmation Order] is still conditional and the Bankruptcy Court overruling GMAC's Objection is still an interlocutory order of the Bankruptcy Court.

(Doc. 7 at 2.)

Ordinarily, a bankruptcy court's order confirming a Plan must be appealed within fourteen days, Fed. R. Bankr. 8002(a), and "[a]bsent timely appeal, the confirmed plan is *res judicata* and its terms are not subject to collateral attack." *In re Layo*, 460 F.3d 289,

5

293 (2d Cir. 2006) (quotations and citations omitted); *see also In re American Preferred Prescription, Inc.*, 255 F.3d 87, 94 (2d Cir. 2001) (bankruptcy court's confirmation of plan is final order that if not appealed, cannot be attacked a few months later in same bankruptcy proceeding, even for lack of subject matter jurisdiction) (citing *Multnomah County v. Ivory (In re Ivory)*, 70 F.3d 73, 75 (9th Cir. 1995)). Here, the bankruptcy court specifically conditioned confirmation of the Plan as being "subject to the outcome of the appeal of the" adversary proceeding. (Doc. 1-5 at 81.)

A bankruptcy court order "is not a final decision unless it necessarily resolves all of the issues pertaining to a discrete claim." *In re Flor*, 79 F.3d 281, 283 (2d Cir. 1996). Where an order does not finally resolve all issues, the order is "interlocutory only" and not appealable without leave from the district court. *Maiorino v. Branford Sav. Bank*, 691 F.2d 89, 90 (2d Cir. 1982) (order denying confirmation of Chapter 13 plan as interlocutory because it did not finally resolve the bankruptcy issue); 28 U.S.C. § 158(a)(3) (authorizing appeal from interlocutory orders of bankruptcy court "with leave" of the district court). "An order overruling an objection to a Chapter 13 plan is not a final order where the Chapter 13 plan is not confirmed" in a final order. *See Ameriquest Mortg. Co. v. Pingaro*, 2004 WL 6030768, at *2 (B.A.P. 1st Cir. 2004); *McDonald v. Sperna (In re Sperna)*, 173 B.R. 654, 657 (B.A.P. 9th Cir. 1994).

While the parties have not pointed to Second Circuit precedent regarding the finality of a conditional confirmation of a Chapter 13 plan, other courts have found that a conditional acceptance is not a final order. For example, in *In re Profit*, 283 B.R. 567 (9th Cir. BAP 2002), the debtor sought to confirm a Chapter 13 plan modification, claiming a homestead exemption for real property, which was objected to by the trustee in a separate proceeding. While the homestead exemption proceeding was pending, the bankruptcy court approved the modified plan "*on the condition* that the Proceeds/real property would be determined to be nonexempt property" in the separate proceeding. *Id.* at 573. On appeal, the *Profit* court held that because the bankruptcy court could not finally resolve the issues involved in approving the plan "until the exemption objection

6

had been litigated," the bankruptcy court's order "was expressly nonfinal and, thus, interlocutory." *Id.*

Here, the Plan is contingent upon GMAC's mortgage being adjudicated invalid in the adversary proceeding. The bankruptcy court explicitly made confirmation of the Plan subject to the appeal of that proceeding. Because the appeal of the bankruptcy court's April 2, 2013 Adversary Proceeding Decision is still pending, the bankruptcy court's April 2, 2013 Plan and Homestead Exemption Order is not a final order with regard to overruling GMAC's objection to confirmation of the Plan. Thus, it was not appealable without leave from the district court, *see Maiorino*, 691 F.2d at 90, which GMAC has not sought. Debtors' motion to dismiss with regard to that portion of the April 2, 2013 Plan and Homestead Exemption Order overruling GMAC's objection to confirmation of the Plan is therefore GRANTED.

## CONCLUSION

For the reasons stated above, the court DENIES Debtors' motion to dismiss with regard to the homestead exemption and GRANTS Debtor's motion to dismiss with regard to confirmation of the Plan. (Doc. 3.)

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 22nd day of July, 2013.

_____
Christina Reiss, Chief Judge
United States District Court